UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER and<br>CHRISTOPHER PRICE,<br><br>Defendants. | Criminal Action No. 21-719 (JEB) |

### ORDER

Defendants Cynthia Ballenger and Christopher Price were arrested for their participation in the January 6, 2021, insurrection at the United States Capitol. With trial set for December 5, 2022, they have filed a number of motions, including one to dismiss Count IV of the Superseding Information, which charges them with Parading, Demonstrating, or Picketing in a Capitol Building. See ECF Nos. 38 (Info.); 55 (MTD Count IV). The Court will deny the Motion.

Prior to trial, a defendant may move to dismiss an indictment (or specific counts) on the basis that there is a "defect in the indictment or information" including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). Such defect includes a charge that is unconstitutional on its face. United States v. Eshetu, 863 F.3d 946, 952 (D.C. Cir. 2017), vacated on other grounds, 898 F.3d 36 (D.C. Cir. 2018).

In their Motion, Ballenger and Price contend that 40 U.S.C. § 5104(e)(2)(G), the violation of which underlies Count IV, is facially unconstitutional both for being overbroad in violation of the First Amendment and for being vague in violation of the Fifth. The Court need not reinvent the wheel, as Judge John Bates of this district just last month issued a detailed opinion rejecting both of these claims. See United States v. Nassif, No. 21-421, 2022 WL

1

4130841 (D.D.C. Sept. 12, 2022).  Persuaded by his reasoning, the Court will adopt that opinion and deny the Motion.

In summary, Judge Bates found that the statute, which forbids anyone to "parade, demonstrate, or picket in any of the Capitol Buildings," 40 U.S.C. § 5104(e)(2)(G), was not overbroad.  He "conclude[d] that the interior of the Capitol building is a nonpublic forum where the government may limit First Amendment activities so long as the restrictions are reasonable in light of the purpose of the forum and are viewpoint neutral."  Nassif, 2022 WL 4130841, at *4 (internal quotation marks and citation omitted).  He found no overbreadth because the statute is "limited to the interior of the Capitol buildings, is viewpoint-neutral, and is reasonable in light of the statute's purposes."  Id.

Judge Bates similarly determined that the statute did not violate the Fifth Amendment by being so vague that "'it fails to give ordinary people fair notice of the conduct it punishes[] or [is] so standardless that it invites arbitrary enforcement.'"  Id. at *6 (quoting Johnson v. United States, 576 U.S. 591, 595 (2015)).  The use of "demonstrate" in a list with "parade" and "picket" made it sufficiently clear that the statute at issue "prohibits taking part in an organized demonstration or parade that advocates a particular viewpoint — such as, for example, the view that the 2020 U.S. Presidential Election was in some way flawed."  Id.

As the Court agrees that a facial challenge under the First and Fifth Amendments does not succeed, it ORDERS that Defendants' [55] Motion to Dismiss Count IV is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 24, 2022

2