UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER and<br>CHRISTOPHER PRICE,<br><br>Defendants. | Criminal Action No. 21-719 (JEB) |

### ORDER

On October 24, 2022, this Court denied Defendants Cynthia Ballenger and Christopher Price's Motion to Dismiss Count IV of the Superseding Information, which charges them with Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).  See ECF No. 70 (Order).  They had claimed that the statute was unconstitutionally overbroad in violation of the First Amendment and vague in violation of the Fifth.  They now move for reconsideration, arguing that the Court's analysis was flawed.  See ECF No. 76 (Motion for Reconsideration).  The Court will deny the Motion.

Beginning with the First Amendment issue, Defendants contend that Judge John Bates's opinion in United States v. Nassif, No. 21-421, 2022 WL 4130841 (D.D.C. Sept. 12, 2022), on which this Court relied, failed to analyze whether § 5104(e)(2)(G) is "necessary or useful."  Mot. at 2–5.  But that is not the standard for overbreadth.  See Order at 2 (citing Nassif, 2022 WL 4130841, at *4).  After holding that the interior of the Capitol building is a nonpublic forum, Judge Bates applied the correct standard for such fora: whether the statute, even if it bans otherwise permissible First Amendment activity, is "reasonable [and] viewpoint-neutral."

1

Nassif, 2022 WL 4130841, at *5 (citing Int'l Soc'y for Krishna Consciousness, Inc. v. Lee, 505 U.S. 672, 674, 685 (1992); United States v. Kokinda, 497 U.S. 720, 723–24, 733 (1990); and Members of City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 808, 817 (1984)). Defendants do not challenge Nassif's well-supported conclusion that the Capitol interior is a nonpublic forum, and they cite no authority to support their novel standard for such fora.

Defendants next offer several examples of other demonstrations in the Capitol — *e.g.*, women dressed as handmaids for Justice Brett Kavanaugh's confirmation hearing — which they claim could also be criminalized under such a reading of the statute. See Mot. at 8–10. Even if this were the case, that would not of itself make the statute overbroad. As Judge Bates wrote: "Given the permissive standard applicable to nonpublic forums, it is reasonable for the Congress to conclude that its interest in peaceful lawmaking requires a limitation on the demonstrative activities of non-legislators." Nassif, 2022 WL 4130841, at *5. The First Amendment's forgiving nonpublic forum standard demands no more; it requires only that "[t]he [g]overnment's decision . . . be reasonable; it need not be the most reasonable or the only reasonable limitation." Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 808 (1985); cf. Markowitz v. United States, 598 A.2d 398, 405 (D.C. 1991) (Members "must have free passage to attend hearings and meetings, unobstructed access to the floor of the House of which they are members, and an undisturbed setting in which to deliberate and cast votes upon proposed legislation" for "Congress to function efficiently.").

Defendants also argue that Bynum v. U.S. Capitol Police Board, 93 F. Supp. 2d 50 (D.D.C. 2000), supports their position. See Mot. at 5–11. That case invalidated a Capitol Police regulation interpreting § 5104(e)(2)(G), but specifically held that the statutory provision itself "is a viewpoint neutral, reasonable regulation of both conduct and expressive activity that satisfies

the Supreme Court's test for nonpublic fora." Bynum, 93 F. Supp. 2d at 56. Nassif cited that analysis in also concluding that § 5104(e)(2)(G) "is both viewpoint-neutral and reasonable," and so constitutional. See 2022 WL 4130841, at *5. Bynum thus hurts, not helps, Defendants' case.

Moving to the Fifth Amendment claim, Defendants next contend that United States v. Rivera, No. 21-60, 2022 WL 2187851 (D.D.C. June 17, 2022), shows that the term "demonstration" in the statute is unconstitutionally vague. See Mot. at 11–14. But for the reasons that Nassif canvassed (at *6–7) and this Court repeated (at 2), that is not so. The statute specifically prohibits "taking part in an organized demonstration or parade that advocates a particular viewpoint." Order at 2 (quoting Nassif, 2022 WL 4130841, at *6). Nassif held (in reasoning adopted by this Court) that § 5104(e)(2)(G), combined with the provision's "willfully and knowingly" *scienter* requirement, gives ordinary people fair notice of the conduct it punishes. See id.; Nassif, 2022 WL 4130841, at *7. Nothing in the Rivera analysis Defendants cite holds or suggests otherwise.

Finally, Defendants assert that § 5104(e)(2)(G) is constitutionally infirm because it applies to the public but not to members of Congress and their staffs, creating a "two-tiered system that undermines the First and Fifth Amendments." Mot. at 14. It is true that the subsection exempts members of Congress and their employees who act "in the lawful discharge of official duties," 40 U.S.C. § 5104(e)(3), but Defendants cite no authority for why this is problematic. Cf. Kroll v. U.S. Capitol Police, 847 F.2d 899, 903 (D.C. Cir. 1988) (Capitol demonstration-permit system "by its nature applies to those outside the Capitol Hill community of Members of Congress (and their staffs)"); Mahoney v. United States Capitol Police Bd., No. 22-760, 2022 WL 1014791, at *5 (D.D.C. Apr. 5, 2022) ("Members of Congress are routinely

and uncontroversially treated differently from the general public while they are present on the Capitol Grounds.").

The Court accordingly ORDERS that Defendants' [76] Motion for Reconsideration is DENIED.

s/ *James E. Boasberg*  
JAMES E. BOASBERG  
United States District Judge

Date:  December 13, 2022