UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.  1:21-cr-719 (JEB) |
| | : | |
| CYNTHIA BALLENGER, and | : | |
| CHRISTOPHER PRICE, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
ARGUMENT AND EVIDENCE ABOUT LAW ENFORCEMENT INACTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendants' opposition to the government's motion *in limine* regarding evidence and argument of law enforcement inaction. In its motion, the government seeks to preclude evidence and argument related to 1) the entrapment by estoppel defense, 2) the legalization of conduct based on the inaction of law enforcement, and 3) the alleged permission given by law enforcement to rioters other than the defendants. ECF 83-2 (hereinafter "Gov't Mot."). In essence, the motion seeks to preclude the defense from raising a claim that the defendants' conduct on January 6, 2021 was made lawful due to the actions or inactions by law enforcement.

This issue was addressed in another January 6 case after the government filed a nearly identical motion in *United States v. Michael Oliveras*. 21-cr-738 (BAH), ECF 28 (D.D.C. Oct. 26, 2022). In the court's order, which allowed the motion in full, Chief Judge Howell noted that law enforcement officers "cannot unilaterally abrogate statutory law" in the discussion of the entrapment by estoppel defense. *Id.*, ECF 50 at 2 (D.D.C. Jan. 17, 2023). The court next turned to the question of "alleged inaction by law enforcement somehow caus[ing] defendant's conduct to

be lawful." *Id.* at 3. Similar to its reasoning with the entrapment by estoppel defense, the court noted "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *Id.* (citing cases). Lastly, the court held that permissive actions by law enforcement that the defendant did not observe were irrelevant under Federal Rule of Evidence 401 because those unseen actions could not impact the defendant's state of mind. *Id.* at 4.

For their part, the defendants do not appear to contradict the *Oliveras* decision. Indeed, they "do not argue that a police officer can unilaterally abrogate criminal laws duly enacted by Congress." ECF 91 at 5 (hereinafter "Def. Opp."). Rather, the defendants aptly state that they "have the right to say there are no postings, cordoned-off areas or other restrictions outside the Senate Wing Door." *Id.* at 12. They continue that "law enforcement permission goes to the 'knowingly' clause" of 18 U.S.C. § 1752(a)(1). *Id.* at 18. The government agrees. The defendants have the right to argue that they did not know the United States Capitol was restricted during the Special Joint Session of Congress convened to certify the results of the 2020 presidential election. This right is why the government stated in its motion that "[t]he conduct of law enforcement officers may be relevant to defendants' state of mind on January 6, 2021" where "they specifically observed or was [sic] otherwise aware of some alleged permissiveness by law enforcement." Gov't Mot. at 7. Contrary to the defendants' lengthy opposition, the government is not seeking exclusion of large set of actions or inactions by law enforcement. Many of such actions are relevant to both the prosecution and the defense. Rather, the motion is narrowly tailored to exclude the claim that the defendants' conduct was lawful because of certain actions or inactions by law enforcement.

Lastly, the government is uncertain as to what claim the defendants raise in the closing

pages of their opposition. Therein, the defendants state "the government's special approach for the Prices is inconsistent with approaches in other January 6 cases." Def. Opp. at 20. This argument is troubling and without merit. As already discussed, the government filed a nearly identical motion *in limine* in *United States v. Michael Oliveras*, 21-cr-738 (D.D.C.), and as it has in other cases. Further, the defendants cite an objection raised by the government at trial in *United States v. Matthew Martin*, which was "I think the defendant can speak to the interactions he had with police officers, but talk about what police officers were doing as to other people calls for speculation." Def. Opp. at 21. Although based on a different rule of evidence, this objection asserts the same conclusion as the instant motion *in limine*: actions of law enforcement officers with respect to other rioters unobserved by the defendants are inadmissible. Gov't Mot. at 7.

## CONCLUSION

For the reasons stated above, the government asks that the Court allow its motion *in limine* to preclude arguments and evidence about law enforcement inaction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

/s/ Ashley Akers
Ashley Akers
Trial Attorney
MO Bar No. 69601
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 353-0521
Ashley.Akers@usdoj.gov

/s/ Andrew Haag
ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov